UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HOLLIE N. WANGERIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:25-cv-00404-TES |
| STRATFORD ACADEMY, INC., | ) | |
| Defendant. | ) | |

## CONSENT PROTECTIVE ORDER

The parties agree that certain business, personal and medical information that will be exchanged is confidential and should be protected from re-disclosure to any third party, disclosure in the public domain, and, in particular, protected from use for any purpose (including any other litigation) outside of the above-captioned specific litigation. As such, and for such purposes, the parties stipulate to the terms of the following confidentiality provisions, and request that the Court enter an Order as follows:

1. As used herein, the following words shall have the following meanings:

   a. "CONFIDENTIAL" means any documents, material or information which the producing party or, as applicable, non-party reasonably believes is not in the public domain (*i.e.*, not generally known) and contains or reflects methods of operation, corporate forms, procedures, research, client information, operational information, training material, marketing material, pricing and/or financial data, information contained in the personnel files of, or information regarding, any of Defendant's current or former employees, and information regarding Defendant's students and/or parents of students.

"CONFIDENTIAL" also means any of Plaintiff's medical records produced in this action or obtained pursuant to subpoena.

b. "Court" means the United States District Court for the Middle District of Georgia, Macon Division;

c. "Defendant" means Stratford Academy, Inc. and its officers, directors, and employees;

d. "Designated Material" means any material designated as "CONFIDENTIAL" as defined below;

e. "Disclosed" is used in its broadest sense and includes, *inter alia*, shown, divulged, revealed, produced, described or transmitted, in whole or in part;

f. "Discovery" is given the same meaning as ascribed to it under the Federal Rules of Civil Procedure;

g. "Non-party" means any natural person (acting in their individual or some other capacity), partnership, corporation, association or other legal entity not named as a party in the above-captioned action and pending in this Court;

h. "Outside Counsel" means the counsel of record in this action and their law firms as well as any attorney subsequently retained or designated by the parties to appear in this action;

i. "Party" or "parties" means the Plaintiff and/or Defendant in this action;

j. "Plaintiff" means Hollie N. Wangerin;

k. "Protected Person" means any party or non-party who furnishes or has furnished any Designated Material to any party that is sought in discovery in this action; and

1. "This action" means the civil action captioned above and pending in this Court.

2. This Consent Protective Order shall be applicable to, and shall govern, all documents, deposition testimony, answers to interrogatories, answers to requests for admission and other discovery, whether informally produced or produced in response to a formal discovery request, which the Protected Person has designated "CONFIDENTIAL."

3. In responding to formal or informal requests for discovery or information in this action, any Protected Person may designate as "CONFIDENTIAL" any of the documents or other discovery material described in Paragraph 2 that the Protected Person in good faith believes meets the definition of "CONFIDENTIAL" set forth above.

4. Designated Material denominated as CONFIDENTIAL pursuant to this Consent Protective Order may be disclosed only to:

a. The Court and all persons assisting the Court in this action, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in the manner set forth in Paragraph 6 below;

b. Outside Counsel and the employees of such Outside Counsel;

c. Expert consultants, whether or not designated as a witness;

d. Outside vendors who perform photocopying or similar clerical functions in connection with this action, but only for so long as necessary to perform those services; and

e. The parties to this action, or officers or employees of the parties (only while employed by said party) provided that the receiving party (or its counsel) reasonably believes that disclosure to such persons is necessary to assist in the

prosecution or defense of this action; and provided that, before making disclosure of Designated Material in accordance with the provisions of sub-paragraph (c) of this paragraph, the party intending to make disclosure must first obtain an agreement in writing (in the form attached hereto as Exhibit A) from the person to whom disclosure is to be made reciting that he or she has read a copy of this Consent Protective Order and agrees to be bound by the provisions contained herein.

f. To any other individual to whom, in good faith opinion of a party or counsel of record for a party, confidential information must be disclosed or transmitted to help prepare for the prosecution or defense of this action; provided that the party or counsel for the party making the disclosure or transmittal first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it.

5. No party, any individual associated with a party and/or Outside Counsel shall use Designated Material for any purpose other than litigating this action.

6. The designation of discovery material as "CONFIDENTIAL" for purposes of this Consent Protective Order shall be made in the following manner:

a. With respect to documents or other materials (apart from deposition testimony): by (i) electronic mail/written notice identifying the "CONFIDENTIAL" document, answers to interrogatories, answers to requests for admission or other information or discovery material, (ii) by stamping each page of such material as "CONFIDENTIAL," or (iii) with respect to information shared for the purposes of mediation being used for in litigation by agreement of the parties, by electronic mail/written notice informing the other party/parties that such information is to be designated confidential and subject to this confidentiality stipulation. The Designated

Material, and all copies, excerpts, summaries or other disclosures of the Designated Material, shall be treated in accordance with the terms of this Order. With respect to documents produced by Plaintiff or third parties which contain financial and/or medical information relative to Plaintiff, these documents shall automatically be deemed confidential without the necessity of being stamped "CONFIDENTIAL."

b. In the case of depositions, designation of a portion or all of the transcript (including exhibits) that contains "CONFIDENTIAL" information shall be made by a statement to such effect on the record during the course of the deposition, or within ten (10) business days after a rough draft of the deposition transcript becomes available. In this latter circumstance, the Protected Person designating testimony as CONFIDENTIAL" shall notify the court reporter of the pages and line numbers of the "CONFIDENTIAL" testimony, with a copy to all other parties. If the designation is made with regard to only a portion of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential material and Designated Material, and the reporter shall place the appropriate legend on the cover of the "CONFIDENTIAL" portions of the transcript. The parties may modify this procedure for any particular deposition through agreement of all Protected Persons attending such deposition, as reflected on the record of such deposition, without further order.

7. Designated Material used as exhibits to or incorporated in any other manner in briefs, memoranda, deposition transcripts or other documents filed with the Court shall be protected as follows: To the extent that any brief, memorandum, deposition transcript or other document submitted to the Court incorporates or refers to the substance of any information

contained in any Designated Material, such brief, memorandum, deposition transcript or other document or portion thereof shall be filed under seal.

8. Any party shall have the right to challenge any designation of confidentiality by any Protected Person by making application to the Court that the Designated Material not be treated as "CONFIDENTIAL." In any such application, the burden of justifying any designation shall be on the person making such designation. Before seeking any relief from the Court under this paragraph, the parties shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document. During the pendency of said dispute, said documents, deposition testimony, answers to interrogatories, answers to requests for admission and/or other discovery shall be treated as "CONFIDENTIAL" in accordance with the designation by the Protected Person and the terms of this Consent Protective Order.

9. This Order has no effect upon, and shall not apply to: (a) any Protected Person's use of its own Designated Material for any purpose; (b) a party's use of documents developed or obtained independent of discovery in this action for any purpose, even if another copy of the same document has been designated as "CONFIDENTIAL" pursuant to this Order; or (c) documents or other materials that are in the public domain in a form that is the same or substantially similar to that produced in this litigation.

10. Inadvertent production of any document(s), answers to interrogatories, answers to requests for admission, and other discovery without designating such material as "CONFIDENTIAL" shall not itself be deemed a waiver of the Protected Person's claim of confidentiality as to such material, and the Protected Person may within ten (10) days after discovery of the inadvertent production designate the same as "CONFIDENTIAL." Disclosure by any party of such matter prior to notice by the Protected Person of the confidential nature

thereof shall not be deemed a violation of this Order, but in all events, any person receiving a copy of "CONFIDENTIAL" material who is not entitled to see such material pursuant to the terms of this Consent Protective Order, shall immediately return all such material and return any copies of such material to the Producing Party.

11. In the event any additional party joins or is joined in this action, the newly joined party shall be subject to the terms and conditions of this Order, unless and until this Court modifies any of the terms and/or conditions of this Order.

12. Nothing in this Order shall prevent disclosure of Designated Material with the written consent of the designating party (or its counsel) or Protected Person.

13. Within sixty (60) days of the final conclusion of this action, including, without limitation, any appeal or retrial, all counsel and every person to whom Designated Material has been disclosed shall return such Designated Material to the Protected Person or Outside Counsel for the Protected Person, including all copies thereof, with the exception that counsel of record may retain for their files one copy of any pleadings or deposition transcripts served or filed in this action which contain Designated Material.

14. The parties agree to submit this Consent Protective Order to the Court for approval. All parties agree to be bound by the terms herein, however, from the time of execution by the parties or the parties' attorneys (who are authorized to execute this Order on behalf of the parties) and prior to any action by the Court. The parties also agree to comply with any decision eventually made by the Court. Even if the Court declines to endorse this Order as an order of the Court, however, the parties agree to be contractually bound by the terms hereof.

15. This Order shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to the rules governing conflict of laws. The parties

acknowledge that they may not be reasonably compensated by an award of damages and will be irreparably harmed in the event there is unauthorized use or disclosure of Designated Material or if there is a breach of this Order, and that the parties shall be entitled to, in addition to all other forms of relief, preliminary and permanent injunctive relief to prevent irreparable harm. If any action in law or equity is necessary to enforce the terms of this Order (including but not limited to any Motion or pleading before this Court, other than a Motion as contemplated in paragraph 8 above), the prevailing party (including but not limited to the party that prevails in a Motion for preliminary injunctive relief) shall be entitled to the reasonable attorneys' fees, legal costs, and expenses incurred in so doing.

16. The obligations of this Consent Protective Order shall survive the termination of this action and continue to bind the parties and all persons above or who have executed confidentiality agreements in the form attached hereto as Exhibit A. The parties and all such persons consent to the exclusive jurisdiction of this Court for any litigation concerning this Order.

17. Notwithstanding anything to the contrary in this Order, it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or in opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this Consent Protective Order, in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The parties agree that the Court will closely

scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this Consent Protective Order.

Agreed to and respectfully submitted, this 12th day of August, 2026.

COOPER, BARTON & COOPER, LLP

PLAINTIFF,

By and through her attorney,

/s/ Kenneth E. Barton III
KENNETH E. BARTON III
Georgia Bar No. 301171
M. DEVLIN COOPER
Georgia Bar No. 142447
COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
Telephone: (478) 841-9007
Facsimile: (478) 841-9002
keb@cooperbarton.com
mdc@cooperbarton.com

Attorneys for Plaintiff

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

DEFENDANT,

By and through its attorneys,

/s/ Amanda M. Morejon
AMANDA M. MOREJON
Georgia Bar No. 526279
Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600
(478) 750-8686 (facsimile)
amorejon@constangy.com

TIMOTHY R. NEWTON
Georgia Bar No. 542200
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303-1557
Telephone: (404) 525-8622
Facsimile: (404) 525-6955
tnewton@constangy.com

Attorneys for Defendant

This Consent Protective Order is hereby approved as an Order of this Court.

So ORDERED, this 12 day of Aug, 2026.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT JUDGE